PEOPLE v. CIMINI

FALSE PRETENSES—CHECK—INSUFFICIENT FUNDS—EVIDENCE.
Evidence was sufficient to sustain a conviction of drawing a
check without sufficient funds where defendant had personal
notice and actual knowledge, for about one month before
the offense, that his account was overdrawn and continued
to be overdrawn, he drew a check payable to himself upon
the bank and received payment knowing that there were not
funds in the account from which payment could be made
(MCLA § 750.131).

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 June 17, 1970,
at Detroit. (Docket No. 8,760.) ˙ Decided August
4, 1970.

Anthony Cimini was convicted of drawing a check
without sufficient funds. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief
Appellate Lawyer, and *Leonard Meyers,* Assistant
Prosecuting Attorney, for the people.

*Louisell & Barris* (by *Carl Ziemba*), for defend-
ant.

REFERENCE FOR POINTS IN HEADNOTE
32 Am Jur 2d, False Pretenses §§ 74, 76, 81.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. On December 8, 1969, defendant was tried before a judge without a jury and found guilty of violating MCLA § 750.131 (Stat Ann 1970 Cum Supp § 28.326).** He appeals his conviction and poses one question for review: Was a crime committed?

This criminal statute has three elements: (1) an intent to defraud; (2) the drawing of a check for the payment of money upon a bank; and (3) knowledge by the drawer of the check that the bank account had insufficient funds or credit for the payment of such check.

The trial judge found, from the uncontradicted testimony that defendant had personal notice and actual knowledge, for about one month prior to the offense, that defendant's account was overdrawn and continued to be overdrawn. Nevertheless, defendant drew a check to himself for payment upon the bank, and received payment knowing that there were no funds in his account from which the payment could be made.

Sufficient evidence was presented to the trier of fact which, if believed, would sustain the conviction herein.

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

** "Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money, to apply on account or otherwise, upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering, that the maker, or drawer, has not sufficient funds in or credit with such bank or other depository, for the payment of such check, draft, or order, in full, upon its presentation, * * * ."